W. B. Crane and O. F. Crane, trading as W. B. Crane & Company, Defendants in Error, v. James M. Taft, Plaintiff in Error.

### Gen. No. 21,580.

1. CARRIERS, § 74*—*what is duty of carrier as to forwarding of goods when route is specified.* A carrier who undertakes to carry the goods of a shipper to a point named and then forward them by given route to the destination is bound to forward them over the route named unless unforeseen circumstances justify a change in the route.

2. CARRIERS—*what is duty of connecting carrier as to acceptance and carriage of goods contrary to specified route.* Where goods are tendered to a carrier by another carrier in lawful possession, it is its duty to accept and carry them even though a different route be named.

3. CARRIERS, § 209*—*when connecting carrier is entitled to lien upon goods.* Where goods are delivered to an initial carrier by the shipper with directions that they be shipped by specified route and, in violation of such instructions, are turned over to a connecting carrier and taken by a different route thereon to the destination, such connecting carrier is entitled to a lien upon the goods for its freight charges.

Error to the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed January 17, 1917.

WORTH E. CAYLOR, for plaintiff in error.

W. TUDOR APMADOC, for defendants in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

In this case, the defendants in error, who will be referred to hereafter as plaintiffs, recovered a judgment against the plaintiff in error, hereafter referred to as defendant, in a replevin suit brought to recover two

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

carloads of lumber. The judgment was for the return of the property and nominal damages. It is to reverse this judgment that the writ of error is sued out. The facts were stipulated to be that the plaintiffs had shipped the lumber in question from Salt Lick, Kentucky, under a uniform bill of lading by which the property was consigned to themselves at Chicago, and the route expressly stated. After the initial carrier had taken the cars over its line to Cincinnati, Ohio, it disregarded the route specified and turned them over to a railroad not named in the bill of lading, which carried them to their destination in Chicago. The plaintiffs, as consignees, refused the freight when tendered, and thereupon the final carrier deposited the contents with the defendant, who placed them in his warehouse. When the plaintiffs demanded the lumber of him, and he refused to surrender it without a payment of charges, they brought this replevin suit. The plaintiffs did not offer to pay or tender payment to any person or corporation of any amount whatever for the transportation of this lumber or the warehouse charges. No question has been made of the right of the defendant to retain the lumber if the final carrier had a lien for its charges, nor as to the right of the plaintiffs to recover possession of the lumber without the payment of such warehouse charges if the final carrier had no lien; the sole question is, as to whether the final carrier had a lien for the transportation charges.

While cases have been cited, none appears to be in point, and it would, therefore, seem to be a matter of first impression, which must be governed by the general principles applicable to carriers.

A carrier who undertakes to carry the goods of a shipper to a point named, and then forward them by a given route to their destination, is bound to forward them over the route named, unless there are unforeseen circumstances which justify a change in the route.

The question, then, is, what is the duty of an intermediate or final carrier where goods are tendered it by a carrier when the bill of lading shows that the consignor has routed them over another line? Is it its duty to refuse the shipment until the tendering carrier has produced evidence which satisfies it that the facts and circumstances are such as to authorize a diversion from the route named? It is, of course, the duty of a common carrier at common law and, in interstate shipments, under the acts passed to regulate interstate commerce, to receive and carry goods when tendered by those having them in their lawful possession and under their control. While an initial carrier intrusted and charged with the duty of forwarding goods to their destination has express authority to forward them over the route named in the bill of lading, it is also within the scope of its implied authority to make changes in that route if the facts and circumstances are such as to make it necessary, and the question of whether the original route shall be followed or another selected is one between the shipper and the original carrier. When, therefore, goods are tendered to a connecting carrier by a carrier in possession, we think it is clearly its duty to accept them and carry them to their destination, and that it is not justified in refusing so to do until express authority to make the change in the route is shown, or until evidence is heard on the question of the initial carrier's right to change the route. In other words, we think that where goods are tendered to a carrier by another carrier in lawful possession, it has a duty to accept and carry them, even though a different route be named. To hold otherwise would be to cause endless confusion and delay. We are, therefore, of the opinion that the final carrier in the case at bar, in accepting and carrying the goods to their destination, did only what the law required of it, and that it was entitled to a lien upon the goods for its

lawful charges. If the initial carrier, who acted as the agent for the shipper in the matter of forwarding the goods, violated his contract by making an unauthorized diversion, it is responsible to the plaintiffs for the damages resulting therefrom, and liable to such penalties as it may have incurred. As the trial court allowed a recovery of the property without any tender of the lawful warehouse charges or of the charges due the final carrier, we are of the opinion that the judgment is erroneous. The judgment is, therefore, reversed and the cause will be remanded to the Municipal Court.

*Reversed and remanded.*